Benjamin J. Schnayerson (SBN 257857)
Ben.schnayerson@jacksonlewis.com
Liam N. Gaarder-Feingold (SBN 345747)
Liam.gaarderfeingold@jacksonlewis.com
JACKSON LEWIS P.C.
50 California St., 9th Floor
San Francisco, CA 94111
Telephone:     (415) 394-9400
Facsimile:     (415) 394-9400

Attorneys for Defendant
TAILORED SHARED SERVICES, LLC
(erroneously sued as TAILORED SHARED
SERVICES, LLC dba TAILORED BRANDS,
INC.)

*Plaintiff's Counsel listed on the following page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA ROSA,<br><br>                    Plaintiff,<br><br>       vs.<br><br>TAILORED SHARED SERVICES, LLC dba TAILORED BRANDS, INC., and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. 25-cv-06979-LB<br><br>**STIPULATION TO ARBITRATION AND TO STAY CIVIL PROCEEDINGS PENDING ARBITRATION; [PROPOSED] ORDER**<br><br>Complaint Filed:     06/23/2025<br>FAC Filed:             07/08/2025<br>Removal Filed:       08/18/2025<br>Trial Date:             03/15/2027 |

1

STIPULATION TO ARBITRATION AND TO STAY CIVIL ACTION PENDING ARBITRATION;
[PROPOSED] ORDER                                                Case No. 25-cv-06979-LB

ANGELA M. ALIOTO (SBN 130328)
ANGELA MIA VERONESE (SBN 269942)
LAW OFFICES OF JOSEPH L. ALIOTO
AND ANGELA ALIOTO
700 Montgomery Street
San Francisco, CA 94111-2104
Telephone: (415) 434-8700
Facsimile: (415) 438-4638

JOSEPHINE L. ALIOTO (SBN 282989)
JESSICA NG (SBN 352917)
THE VEEN FIRM LLP
20 Haight Street
San Francisco, California 94102
Telephone: (415) 673-4800
Facsimile: (415) 771-5845
JA.team@VeenFirm.corn

*Attorneys for Plaintiff*
CHRISTINA ROSA

STIPULATION TO ARBITRATION AND TO STAY CIVIL ACTION PENDING ARBITRATION;
[PROPOSED] ORDER                                    Case No. 25-cv-06979-LB

**IT IS HEREBY STIPULATED**, between Plaintiff CHRISTINA ROSA ("Plaintiff") and Defendant TAILORED SHARED SERVICES, LLC (erroneously sued as TAILORED SHARED SERVICES, LLC dba TAILORED BRANDS, INC.) ("Defendant") (collectively the "Parties"), by and through their attorneys of record, that the above-entitled Action, including all claims, causes of action, and allegations related thereto, shall be submitted to binding arbitration pursuant to the Parties' Arbitration Agreement.  The Parties hereby stipulate and agree as follows:

WHEREAS, on October 19, 2021, the Parties entered into a valid and binding Arbitration Agreement. (See **Exhibit A**.)

WHEREAS, the Arbitration Agreement mandates that all the claims that Plaintiff alleged against Defendant in this Action be arbitrated through JAMS, and that the arbitration be binding.

WHEREAS, on June 23, 2025, Plaintiff filed an action against Defendant in the San Francisco Superior Court entitled *Christina Rosa v. Tailored Shared Services, LLC dba Tailored Brands Inc., et al.*, which has since been designated by this Court as Case No. CGC-25-626353 (the "Action").

WHEREAS, on July 8, 2025, Plaintiff filed a First Amended Complaint.  On August 18, 2025, Defendant removed the Action to this present court.

WHEREAS, after meeting-and-conferring regarding the Arbitration Agreement, the Parties have agreed that this matter should be litigated in binding arbitration through JAMS.

**THEREFORE**, the Parties hereby stipulate and agree as follows:

1. The Parties will submit this Action to arbitration in accordance with the terms of the Arbitration Agreement.

2. Plaintiff's First Amended Complaint filed against Defendant on July 8, 2025, will be deemed Plaintiff's Demand for Arbitration

3. All proceedings in the Action shall be stayed pending adjudication of the matter at arbitration.

4. All dates and scheduling deadlines related to the Action shall be vacated.

STIPULATION TO ARBITRATION AND TO STAY CIVIL ACTION PENDING ARBITRATION; [PROPOSED] ORDER                                                      Case No. 25-cv-06979-LB

5. This Stipulation is not intended to, nor shall it in any manner enhance, modify, expand, alter, or delete any such remedies available at law.

**IT IS SO STIPULATED.**

Dated:  February 18, 2026                    JACKSON LEWIS P.C.


By:   */s/ Benjamin J. Schnayerson*
      Benjamin J. Schnayerson
      Liam N. Gaarder-Feingold
      Attorneys for Defendant
      TAILORED SHARED SERVICES, LLC


Dated:  February 18, 2026                    THE VEEN FIRM LLP


By:   */s/ Josephine L. Alioto*
      Josephine L. Alioto
      Jessica Ng
      Attorneys for Plaintiff
      CHRISTINA ROSA


Dated:  February 18, 2026                    LAW OFFICES OF JOSEPH L. ALIOTO AND
                                             ANGELA ALIOTO


By:   */s/ Angela Mia Veronese*
      Angela M. Alioto
      Angela Mia Veronese
      Attorneys for Plaintiff
      CHRISTINA ROSA

4

## DECLARATION

Pursuant to Local Rule 5-1(i)(3), I attest that each of the other Signatories have concurred in the filing of the document, the concurrence of which shall serve in lieu of the other Signatories' signature on the document.


Dated:  February 18, 2026                    JACKSON LEWIS P.C.


                                   By:   */s/Benjamin J. Schnayerson*
                                         Benjamin J. Schnayerson
                                         Liam N. Gaarder-Feingold
                                         Attorneys for Defendant
                                         TAILORED SHARED SERVICES, LLC

STIPULATION TO ARBITRATION AND TO STAY CIVIL ACTION PENDING ARBITRATION;
[PROPOSED] ORDER                                    Case No. 25-cv-06979-LB

# [PROPOSED] ORDER

Pursuant to the stipulation of the parties, and good cause appearing, the Court orders the Parties to binding arbitration through JAMS for the litigation of this matter, pursuant to the terms of the Parties' Arbitration Agreement.  Plaintiff's instant action is stayed pending final adjudication of the matter through binding arbitration.  All future dates are vacated.

**IT IS SO ORDERED.**

Dated: _____                    By:_____
                                                     HONORABLE LAUREL BEELER

STIPULATION TO ARBITRATION AND TO STAY CIVIL ACTION PENDING ARBITRATION; [PROPOSED] ORDER                                        Case No. 25-cv-06979-LB

# EXHIBIT A

**Form:**          000108      Mutual Agreement to Arbitrate Claims
**Effective Dt:**  06-OCT-2016                    **Version:**   0002
**Emplid:**        307636   Rosa,Christina
**Hire Date:**     18-OCT-2021                    **Short Name:**   CR322
**Store:**         02098A Corporate Office
**Job Code:**      SPVRPR Supervisor - Prof
**Status:**        Completed                      **Signature Date:**   19-OCT-2021

---

I recognize that disputes may arise between Tailored Shared Services, LLC. and any of its affiliates, Twin Hill Acquisition Company, Inc., and/or TMW Merchants LLC (collectively, "the "Company") and me during or following my employment with the Company, and that those differences may or may not be related to my employment.  I understand and agree that by entering into this Mutual Agreement to Arbitrate Claims ("Agreement"), I anticipate gaining the benefits of a speedy, less-formal, impartial, final and binding dispute-resolution procedure. By virtue of my employment with the Company, I agree to be bound by this Agreement.

Except as provided in this Agreement, the Federal Arbitration Act shall govern the interpretation, enforcement and all proceedings pursuant to this Agreement.  To the extent that the Federal Arbitration Act is inapplicable, the arbitration law of the state in which I work or last worked for the Company shall apply.

1. Arbitration of Claims
    a.  Claims Covered by the Agreement
The Company and I mutually consent to the resolution by arbitration of all claims or controversies ("claims"), past, present or future, whether or not arising out of my employment (or its termination), that the Company may have against me or that I (and no other party) may have against any of the following (1) the Company, (2) its officers, directors, employees or agents in their capacity as such or otherwise, (3) the Company's parent, subsidiary and affiliated entities, (4) the Company's benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates and agents, and/or (5) all successors and assigns of any of them.

The only claims that may be brought in arbitration are those claims that could otherwise be brought in a civil court of law under applicable federal, state or local law. Arbitrable claims include, but are not limited to:  claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims; claims for discrimination (including, but not limited to, race, sex, sexual orientation, religion, national origin, age, marital status, physical or mental disability or handicap, or medical condition); claims for benefits (except as provided below); claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance (except as provided below).

    b.  Claims Not Covered by the Agreement
The Company and I agree that neither of us shall initiate or prosecute any lawsuit or administrative action in any way related to any claim covered by this Agreement, except that this Agreement does not prohibit the filing of the following:  (1) a court action for temporary equitable relief in aid of arbitration, where such an action is otherwise available by law, (2) an administrative charge to any federal, state or local equal opportunity or fair employment practices agency, (3) an administrative charge to the National Labor Relations Board, (4) an agency charge or complaint to exhaust an administrative remedy, or (5) any other charge filed with or communication to a federal, state or local government office, official or agency (for numbers (2) through (5) collectively, "a government complaint").

The following claims are not covered by this Agreement:  claims for workers' compensation or unemployment compensation benefits; claims that as a matter of law cannot be subject to arbitration; and claims under an employee benefit or pension plan that specifies a different arbitration procedure.

To the maximum extent permitted by law, I hereby waive any right to bring on behalf of persons other than myself, or to otherwise participate with other persons in, any class, collective, or representative action (including but not limited to any representative action under federal, state or local statute or ordinance with the exception of the California Private Attorneys General Act ("PAGA")), concerning claims otherwise covered by this Agreement. I understand, however, that to the maximum extent permitted by law I retain the right to bring claims in arbitration for myself as an individual (and only for myself).

This Agreement does not cover any dispute that currently is pending in litigation in any forum.  This Agreement also does not cover any dispute in which both (i) I am represented by legal counsel, and (ii) counsel has asserted a claim on my behalf at the time this Agreement is made.

2.  Arbitration Procedures
    a.  Time Limits for Commencing Arbitration and Required Notice of All Claims
The Company and I agree that the aggrieved party must give written notice of any claim to the other party no later than the expiration of the statute of limitations (deadline for filing) that the law prescribes for the claim.  Otherwise, the claim shall be deemed waived.  The filing of a government complaint shall not extend the statute of limitations for presenting any claim to arbitration.  I understand that the aggrieved party is encouraged to give written notice of any claim as soon as possible after the event or events in dispute so that arbitration of any differences may take place promptly.

Written notice to the Company, or its officers, directors, employees or agents, shall be sent to the Company's Legal Department located at 6100 Stevenson Boulevard, Fremont, California 94538.  I will be given written notice at the last address recorded in my personnel file, or, if the Company knows that I am represented by counsel, at my attorney's address.

The written notice shall identify and describe the nature of all claims asserted, the facts upon which such claims are based and the relief or remedy sought.  The notice shall be sent to the other party by certified or registered mail, return receipt requested.

    b.  Representation
Any party may be represented by an attorney or other representative selected by the party.

    c.  Discovery
Each party shall have the right to take depositions of three fact witnesses and any expert witness designated by another party.  Each party also shall have the right to make requests for production of documents to any party and to subpoena documents from third parties.  Requests for additional depositions or discovery may be made to the Arbitrator selected pursuant to this Agreement.  The Arbitrator may grant such additional discovery if the Arbitrator finds that the party has demonstrated that it needs that discovery to adequately arbitrate the claim, taking into account the parties' mutual desire to have a speedy, less-formal, cost-effective dispute-resolution mechanism.

    d.  Designation of Witnesses
At least 30 days before the arbitration, the parties must exchange lists of witnesses, including any experts, and copies of all exhibits intended to be used at the arbitration.

    e.  Subpoenas
Each party shall have the right to subpoena witnesses and documents, subject to any limitations the Arbitrator shall impose for good cause shown.

    f.   Place of Arbitration

The arbitration shall take place in the county (or comparable governmental unit) in which I am or was last employed by the Company, and no dispute affecting my rights or responsibilities shall be adjudicated in any other venue or forum, unless otherwise mutually agreed.

    g.   Arbitration Procedures

The arbitration will be held under the auspices of J.A.M.S, or any successor.  The arbitration shall be in accordance with its Employment Arbitration Rules & Procedures (and no other J.A.M.S rules), which are currently available at http://www.jamsadr.com. If J.A.M.S  is not available in a particular jurisdiction, or the parties otherwise mutually agree, then the arbitration will be held under the auspices of the American Arbitration Association (the "AAA") and in accordance with its Employment Arbitration Rules, which are available at: http://www.adr.org.  I understand that the Company will supply me with a printed copy of those rules upon my request.  The Arbitrator shall be either a retired judge, or an attorney who is experienced in employment law and licensed to practice law in the state in which the arbitration is convened (the "Arbitrator"), selected pursuant to the applicable rules or by mutual agreement of the parties.

The Arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted.  The Arbitrator is without jurisdiction to apply any different substantive law or law of remedies.  The Federal Rules of Evidence shall apply.  The arbitration shall be final and binding upon the parties, except as provided in this Agreement.

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Arbitrator deems advisable.  The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure.

Either party, at its expense in the first instance, may arrange and pay for a court reporter to provide a stenographic record of proceedings.

Should any party refuse or neglect to appear for, or participate in, the arbitration hearing, the Arbitrator shall have the authority to decide the dispute based upon whatever evidence is presented.

Either party upon its request shall be given leave to file a post-hearing brief.  The time for filing such a brief shall be set by the Arbitrator.

The Arbitrator shall render an award and written opinion in the form typically rendered in labor arbitrations, normally no later than thirty (30) days from the date the arbitration hearing concludes or the post-hearing briefs (if requested) are received, whichever is later.  The opinion shall include the factual and legal basis for the award.

    h.   Arbitration Fees and Costs

The Company will be responsible for paying any filing fee and the fees and costs of the Arbitrator; provided, however, that if I am the party initiating the claim, I will contribute an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the state in which I am (or was last) employed by the Company.  Each party shall pay in the first instance its own litigation costs and attorneys' fees, if any. However, if any party prevails on a statutory claim which affords the prevailing party attorneys' fees and litigation costs, or if there is a written agreement providing for attorneys' fees and/or litigation costs, the Arbitrator shall rule upon a motion for attorneys' fees and/or litigation costs under the same standards a court would apply under the law applicable to the claim(s) at issue.

    i.   Reconsideration and Review

Either party shall have the right, within twenty (20) days of issuance of the Arbitrator's

decision, to file with the Arbitrator (and the Arbitrator shall have jurisdiction to consider and rule upon) a motion to reconsider (accompanied by a supporting brief), and the other party shall have twenty (20) days from the date of the motion to respond.  The Arbitrator thereupon shall reconsider the issues raised by the motion and, promptly, either confirm or change the decision, which (except as provided by law) shall then be final and conclusive upon the parties.

Either party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement and to enforce an arbitration award.

3.  Interstate Commerce
I understand and agree that the Company is engaged in transactions involving interstate commerce and that my employment is related to that interstate commerce.

4.  Survival of Agreement
This Agreement to arbitrate shall survive the termination of my employment and the expiration of any benefit plan.

5.  Sole and Entire Agreement
This is the complete agreement of the parties on the subject of arbitration of disputes (except for any arbitration agreement in connection with any pension or benefit plan). This Agreement supersedes any prior or contemporaneous oral or written understandings on the subject; provided, however, that if this Agreement for any reason is held unenforceable, then any prior arbitration agreement I may have made shall apply.  No party is relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

6.  Construction and Severability
If any provision of this Agreement is adjudged to be void or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Agreement.  All other provisions shall remain in full force and effect based on the parties' mutual intent to create a binding agreement to arbitrate their disputes.

7.  Consideration
In consideration of my employment with the Company, I hereby agree to be bound by this Agreement.  In addition, the mutual promises by the Company and by me to arbitrate differences, rather than litigate them before courts or other bodies, provide consideration for each other.

8.  Voluntary Agreement
I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT, THAT I UNDERSTAND ITS TERMS, THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE COMPANY AND ME RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT, AND THAT I HAVE ENTERED INTO THE AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.

I UNDERSTAND THAT BY ENTERING INTO THIS AGREEMENT I AM GIVING UP MY RIGHT TO A JURY TRIAL.

I FURTHER ACKNOWLEDGE THAT I HAVE BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH MY PRIVATE LEGAL COUNSEL AND HAVE AVAILED MYSELF OF THAT OPPORTUNITY TO THE EXTENT I WISH TO DO SO.

I ACKNOWLEDGE AND AGREE THAT BY VIRTUE OF TRANSMITTING THIS MUTUAL AGREEMENT TO ARBITRATE CLAIMS TO ME ELECTRONICALLY VIA PEOPLESOFT SELF SERVICE, THE COMPANY HEREBY BINDS ITSELF TO THIS AGREEMENT AS WELL, WITHOUT A SIGNATURE FROM AN AUTHORIZED COMPANY REPRESENTATIVE.

Revised eff. January 31, 2016

Por favor lea cuidadosamente el presente Acuerdo antes de firmar electrónicamente abajo.

Reconozco que pueden surgir conflictos entre Tailored Shared Services, LLC. y cualquiera de sus subsidiarias operativas, Twin Hill Acquisition Company, Inc., y TMW Merchants LLC (colectivamente, "la Compañía") y yo durante o después de mi empleo con la Compañía, y que esas diferencias pueden o no estar relacionados con mi empleo. Entiendo y acepto que al celebrar este Acuerdo Mutuo para Arbitrar Reclamaciones (el "Acuerdo"), anticipo obtener los beneficios de un procedimiento de solución de disputas rápido, menos formal, imparcial, definitivo y vinculante.   En virtud de mi trabajo en la Compañía, estoy de acuerdo en regirme por el presente Acuerdo.

A menos que se establezca en el presente Acuerdo, la Ley Federal de Arbitraje regirá la interpretación, aplicación y todos los procedimientos de conformidad con el presente Acuerdo. En la medida en que la Ley Federal de Arbitraje sea inaplicable, se aplicará la ley de arbitraje del estado en donde trabajo o donde trabajé por última vez para la Compañía.

1. Arbitraje de Reclamaciones
    a. Reclamaciones cubiertas por el Acuerdo
La Compañía y yo damos nuestro mutuo consentimiento a la resolución mediante arbitraje de todas las reclamaciones o controversias ("reclamaciones"), pasadas, presentes o futuras, ya sea que surjan o no de mi empleo (o de la terminación de mi empleo), que la Compañía pueda tener contra mí o que yo (y no otra parte) pueda tener en contra de cualquiera de los siguientes: (1) la Compañía, (2) sus directivos, directores, empleados o agentes en su capacidad como tales o de otra manera, (3) las entidades matriz, subsidiarias y afiliadas de la Compañía, (4) los planes de beneficios o los patrocinadores de los planes, fiduciarios, administradores, filiales y agentes de la Compañía, y/o (5) todos los sucesores y cesionarios de cualquiera de ellos.

Las únicas reclamaciones que puedan presentarse en el arbitraje son aquellas reclamaciones que de otro modo podrían presentarse en un tribunal civil bajo la ley federal, estatal o local aplicable. Las reclamaciones arbitrables incluyen, pero no están limitadas a: reclamaciones de salarios u otra compensación adeudada; reclamaciones por incumplimiento de cualquier contrato o pacto (expresas o implícitas); las reclamaciones por daños extracontractuales; las reclamaciones por discriminación (incluyendo, pero no limitadas a, raza, sexo, orientación sexual, religión, origen nacional, edad, estado civil, discapacidad o impedimento físico o mental, o condición médica); reclamaciones por beneficios (excepto como se indica más abajo); reclamaciones por violación de cualquier ley federal, estatal u otra ley, estatuto, reglamento u ordenanza gubernamental (excepto por lo establecido a continuación).

    b.  Reclamaciones no cubiertas por el Acuerdo
La Compañía y yo estamos de acuerdo que ninguno de los dos deberá iniciar o procesar demanda o acción administrativa alguna relacionada en cualquier forma con cualquier reclamación cubierta por el presente Acuerdo, salvo que el presente Acuerdo no prohíbe la presentación de lo siguiente: (1) una acción judicial para el desagravio equitativo temporal a beneficio del arbitraje, donde tal acción está por otra parte disponible por ley, (2) un cargo administrativo de cualquier agencia federal, estatal o local en materia de igualdad de oportunidades o de prácticas justas de empleo, (3) un cargo administrativo ante la Junta Nacional de Relaciones del Trabajo, (4) un cargo o queja de la agencia para agotar un recurso administrativo, o (5) cualquier otra acusación o comunicación presentada ante una oficina, funcionario o agencia del gobierno federal, estatal o local (de los números (2) a (5) colectivamente, "una queja ante el gobierno").

Las siguientes reclamaciones no están cubiertas por el presente Acuerdo: reclamaciones por compensación a los trabajadores o beneficios de compensación por desempleo; reclamaciones que por ley no pueden estar sujetas a arbitraje; y reclamaciones bajo un plan de beneficios o pensiones de los empleados que especifica un procedimiento de arbitraje diferente.

En la medida máxima permitida por la ley, por el presente renuncio a cualquier derecho de presentar en nombre de otras personas que no sea yo mismo, o en alguna forma participar con otras personas en cualquier demanda grupal, colectiva, o representativa (incluyendo, pero no limitado a cualquier acción representativa bajo estatutos u ordenanzas federales, estatales o locales, con la excepción de la Ley General de Abogados Privados de California ("PAGA" por sus siglas en inglés)), en relación con reclamaciones de otra manera cubiertas por el presente Acuerdo. Sin embargo, entiendo que en la medida máxima permitida por la ley conservo el derecho a presentar reclamaciones para arbitraje para mí mismo como individuo (y sólo para mí mismo).

El presente Acuerdo no cubre disputa alguna que esté actualmente pendiente en litigio en cualquier foro. El presente Acuerdo tampoco cubre disputa alguna en la cual tanto (i) yo esté representado por un abogado legal, como (ii) el Abogado haya presentado una reclamación en mi nombre en el momento en que se haya hecho el presente Acuerdo.

2.  Procedimientos de Arbitraje
    a.  Plazos para iniciar el arbitraje y el aviso requerido de todas las reclamaciones
La Compañía y yo estamos de acuerdo en que la parte agraviada debe dar aviso por escrito de cualquier reclamación a la otra parte a más tardar en la fecha de vencimiento del plazo de prescripción (plazo de presentación) que la ley establece para la reclamación. De lo contrario, la reclamación se considerará como no aplicable. La presentación de una queja ante el gobierno no extenderá el plazo de prescripción para presentar una reclamación a arbitraje. Entiendo que se recomienda a la parte agraviada dar aviso por escrito de cualquier reclamación tan pronto como sea posible después del evento o los eventos en disputa para que el arbitraje de cualquier diferencia pueda realizarse lo más pronto posible.

El aviso por escrito a la Compañía o sus directivos, directores, empleados o agentes, deberá enviarse al Departamento Legal de la Compañía ubicado en 6100 Stevenson Boulevard, Fremont, California 94538. A mí se me dará aviso por escrito a la última dirección registrada en mi expediente personal, o, si la Compañía sabe que estoy representado por un abogado, a la dirección de mi abogado.

El aviso por escrito deberá identificar y describir la naturaleza de todas las reclamaciones presentadas, los hechos en los cuales tales reclamaciones están basadas y la reparación o recurso solicitado. El aviso deberá enviarse a la otra parte por correo certificado o registrado con acuse de recibo.

    b.  Representación
Cualquiera de las partes puede ser representada por un abogado u otro representante seleccionado por la parte.

    c.  Descubrimiento
Cada parte tendrá derecho a tomar declaraciones de tres testigos de hechos y cualquier testigo experto designado por la otra parte. Cada parte también tendrá el derecho de hacer peticiones para la elaboración de documentos a cualquiera de las partes y para requerir la entrega de documentos de terceros. Las solicitudes de declaraciones juradas adicionales o de descubrimiento podrán hacerse al Árbitro seleccionado de conformidad con el presente Acuerdo. El Árbitro podrá conceder tal descubrimiento adicional si el Árbitro considera que la parte ha demostrado que necesita dicho descubrimiento para arbitrar adecuadamente la reclamación, teniendo en cuenta el deseo mutuo de las partes de contar con un mecanismo rápido, menos formal y económicamente eficaz para la solución de disputas.

    d.  Designación de testigos
Al menos 30 días antes del arbitraje, las partes deben intercambiar las listas de testigos, incluyendo a cualquier experto, y copias de todos los documentos que vayan a utilizarse en el proceso de arbitraje.

    e.  Citatorios
Cada parte tendrá el derecho de citar testigos y documentos, sujetos a cualquier

limitación que el Árbitro imponga por una causa justificada mostrada.

    f.  Lugar del arbitraje

El arbitraje se llevará a cabo en el condado (o unidad gubernamental comparable) en el que yo esté empleado o haya sido mi último empleo con la Compañía, y ninguna disputa que afecte mis derechos o responsabilidades será adjudicada en ningún otro lugar o foro, a menos que mutuamente se acuerde otra cosa.

    g.  Procedimientos de arbitraje

El arbitraje se llevará a cabo bajo los auspicios de J.A.M.S, o cualquier sucesor. El arbitraje se realizará de conformidad con sus Reglas y Procedimientos de Arbitraje de Empleo (y ninguna otra regla J.A.M.S), que están disponibles actualmente en http://www.jamsadr.com. Si J.A.M.S no está disponible en una jurisdicción en particular, o en alguna en la que las partes hayan acordado mutuamente, entonces el arbitraje se llevará a cabo bajo los auspicios de la Asociación Americana de Arbitraje ("AAA" por sus siglas en inglés) y de acuerdo con sus Reglas de Arbitraje de Empleo, las cuáles están disponibles en: http://www.adr.org. Entiendo que la Compañía me proporcionará una copia impresa de las reglas si lo solicito. El Árbitro deberá ser un juez jubilado o un abogado que tenga experiencia en derecho laboral y con licencia para practicar leyes en el estado en el que el arbitraje es convocado (el "Árbitro"), seleccionado de conformidad con las reglas aplicables o por acuerdo mutuo de las partes.

El Árbitro aplicará la ley sustantiva (y la ley de recursos, si es aplicable) del estado en el que se presentó la reclamación, o la ley federal, o ambas, según corresponda a la reclamación o reclamaciones presentadas. El Árbitro carece de jurisdicción para aplicar alguna ley de recursos o ley sustantiva diferente. Se aplicarán las Reglas Federales de Evidencia. El arbitraje será definitivo y vinculante para las partes, excepto según se disponga en el presente Acuerdo.

El Árbitro tendrá jurisdicción para conocer y resolver las disputas previas a las audiencias y está autorizado para realizar conferencias previas a las audiencias por teléfono o en persona, según el Árbitro considere conveniente. El Árbitro tendrá la autoridad para recibir una petición para desestimar y/o una petición para un juicio sumario por cualquiera de las partes y aplicará las normas que rigen este tipo de peticiones bajo las Reglas Federales de Procedimiento Civil.

Cualquiera de las partes, con gastos por su cuenta, en primera instancia, puede ordenar y pagar un reportero del tribunal para proporcionar un registro estenográfico de los procedimientos.

En caso de que alguna de las partes se niegue a presentarse o no se presente ni participe en la audiencia de arbitraje, el Árbitro tendrá la autoridad para decidir la disputa basándose en cualquier evidencia que se haya presentado.

A cualquiera de las partes, si lo solicitan, se le dará autorización para presentar un resumen posterior a la audiencia. El plazo para la presentación de dicho resumen será establecido por el Árbitro.

El Árbitro emitirá un fallo y dictamen por escrito en la forma típicamente emitida en los arbitrajes laborales, normalmente en un plazo no mayor de treinta (30) días a partir de la fecha en que concluya la audiencia de arbitraje o en la que se reciben los escritos posteriores a la audiencia (si se solicita), lo que sea posterior. El dictamen deberá incluir la base de hecho y jurídica para el fallo.

    h.  Honorarios de Arbitraje y Costos

La Compañía será responsable de pagar cualquier honorario de presentación y los honorarios y costos del Árbitro; a condición de que si yo soy la parte que inicia la reclamación, yo contribuiré con una cantidad igual a los honorarios de presentación para iniciar una reclamación ante el tribunal de la jurisdicción general en el estado en el que estoy empleado (o en el último en el que estuve empleado) por la Compañía. Cada parte deberá

pagar en primera instancia sus propios costos procesales y honorarios de abogados, si los hubiera. Sin embargo, si cualquiera de las partes prevalece en una reclamación legal que confiere los honorarios de abogados y costos de litigio de la parte que prevalece, o si hay un acuerdo por escrito que provee los honorarios de abogados y/o los gastos de litigio, el Árbitro decidirá previa petición de los honorarios de abogados y/o gastos de litigio bajo las mismas normas que un tribunal aplicaría según la ley aplicable a la reclamación o reclamaciones en cuestión.

i.  Reconsideración y revisión

Cualquiera de las partes tendrá derecho, dentro de los veinte (20) días de la emisión de la decisión del Árbitro, para presentar ante el Árbitro (y el Árbitro tendrá jurisdicción para considerar y pronunciarse sobre) una petición para reconsiderar (acompañada de un resumen de apoyo), y la otra parte dispondrá de veinte (20) días a partir de la fecha de la petición para responder. Acto seguido, el Árbitro deberá reconsiderar las cuestiones planteadas por la petición y, con prontitud, confirmar o cambiar la decisión, la cual (con excepción de lo dispuesto por la ley) será definitiva y concluyente para las partes.

Cualquiera de las partes podrá interponer una acción ante cualquier tribunal de jurisdicción competente para obligar el arbitraje conforme a este Acuerdo y para hacer cumplir un laudo arbitral.

3.  Comercio Interestatal

Entiendo y estoy de acuerdo en que la Compañía se dedica a transacciones que involucran el comercio interestatal y que mi empleo está relacionado con el comercio interestatal.

4.  Supervivencia del Acuerdo

El presente Acuerdo de arbitraje sobrevivirá a la terminación de mi empleo y el vencimiento de cualquier plan de beneficios.

5.  Acuerdo único y completo

El presente Acuerdo es el acuerdo completo de las partes en materia de arbitraje de disputas (a excepción de cualquier acuerdo de arbitraje en relación con cualquier plan de pensión o beneficios). El presente Acuerdo reemplaza cualquier acuerdo oral o escrito anterior o actual sobre el tema; a condición de que si este Acuerdo por alguna razón es considerado inaplicable, entonces se aplicará cualquier acuerdo de arbitraje previo que yo pude haber hecho. Ninguna de las partes se basa en ninguna representación, oral o escrita, sobre el tema del efecto, aplicabilidad o significado del presente Acuerdo, excepto en los casos específicamente previstos en el presente Acuerdo.

6.  Construcción y divisibilidad

Si alguna disposición del presente Acuerdo es declarada nula o en alguna forma inaplicable, en su totalidad o en parte, dicha declaración no afectará la validez del resto del Acuerdo. Todas las demás disposiciones permanecerán en pleno vigor y efecto con base en la intención mutua de las partes para crear un acuerdo vinculante para arbitrar sus disputas.

7.  Consideración

En consideración de mi empleo con la Compañía, por el presente expreso estar de acuerdo en regirme por el presente Acuerdo. Además, las promesas mutuas hechas por la Compañía y por mí para arbitrar las diferencias, en lugar de litigar ante tribunales u otros órganos jurisdiccionales, dan consideración del uno para el otro.

8.  Acuerdo voluntario

RECONOZCO QUE HE LEÍDO CUIDADOSAMENTE EL PRESENTE ACUERDO, QUE ENTIENDO SUS TÉRMINOS, QUE TODOS LOS ENTENDIMIENTOS Y ACUERDOS ENTRE LA COMPAÑÍA Y YO EN RELACIÓN A LOS TEMAS CONTEMPLADOS EN EL PRESENTE ACUERDO SE INCLUYEN EN EL MISMO, Y QUE HE FIRMADO EL ACUERDO VOLUNTARIAMENTE Y NO DEPENDIENDO DE PROMESA O REPRESENTACIÓN ALGUNA HECHA POR LA COMPAÑÍA QUE NO SE INCLUYA EN ESTE MISMO ACUERDO.

ENTIENDO QUE AL FIRMAR EL PRESENTE ACUERDO ESTOY RENUNCIANDO A MI DERECHO A UN JUICIO CON

JURADO.

ADEMÁS RECONOZCO QUE SE ME HA DADO LA OPORTUNIDAD DE HABLAR SOBRE ESTE ACUERDO CON MI ASESOR LEGAL PRIVADO Y HE HECHO USO DE DICHA OPORTUNIDAD EN LA MEDIDA EN QUE HE DESEADO HACERLO.

RECONOZCO Y ESTOY DE ACUERDO QUE AL TRANSMITIRME ESTE ACUERDO MUTUO PARA ARBITRAR RECLAMACIONES ELECTRÓNICAMENTE A TRAVÉS DE PEOPLESOFT SELF SERVICE, LA COMPAÑÍA POR ESTE MEDIO TAMBIÉN SE COMPROMETE CON EL PRESENTE ACUERDO, SIN UNA FIRMA DE UN REPRESENTANTE AUTORIZADO DE LA COMPAÑÍA.

Revisado para entrar en vigor el 31 de enero de 2016


 **CR322  Acknowledged on-line providing a valid password on 19-OCT-2021**